# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIS WOODS,<br>　　Plaintiff,<br><br>　　　　v.<br><br>BUDGET RENT A CAR<br>SYSTEMS, INC., et al.,<br>　　Defendants. | CV 18-9171 DSF (RAOx)<br><br>Order GRANTING Motion to Remand |

　　Defendants removed this state law employment discrimination case from state court based on preemption under the Labor Management Relations Act (LMRA). Defendants claim that jurisdiction is proper due to the need to interpret the collective bargaining agreement (CBA) that covers Plaintiff's employment. Plaintiff now moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 28, 2019 is removed from the Court's calendar.

　　LMRA preemption is analyzed using a two-part test. First, the court asks "whether a particular right inheres in state law or, instead, is grounded in a CBA." Matson v. United Parcel Serv., Inc., 840 F.3d 1126, 1132 (9th Cir. 2016). There is no dispute that Plaintiff's claims are based on rights given by state law and not directly by the CBA. The second part of the test asks "whether a state law right is 'substantially dependent' on the terms of a

CBA." Id. In doing so, the key question is "whether the claim can be resolved by 'looking to' versus interpreting the CBA." Id. If the claim requires "interpretation" of the CBA it is preempted; if it only requires "looking to" the CBA, it is not. Id. Interpretation, in this context, is defined narrowly and "it means something more than 'consider,' 'refer to,' or 'apply.'" Id. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Further, "[i]f the claim is based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Matson, 840 F.3d at 1132. The Ninth Circuit has noted that state law discrimination claims "will rarely rest on rights created by CBAs or require interpreting CBAs in the sense required for § 301 preemption." Id. at 1136.

The party claiming federal jurisdiction has the burden of establishing it, Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 978 (9th Cir. 2013), as does a party claiming preemption. Stengel v. Medtronic Inc., 704 F.3d 1224, 1227 (9th Cir. 2013). Defendants have fallen short of carrying their burden. The opposition repeatedly says that one claim or another would require "interpretation" of the CBA. However, Defendants make no effort to demonstrate either that a term of the CBA would have any actual effect on Plaintiff's claims or, more importantly, that any term in question is in any way ambiguous or in dispute. "[C]laims are only preempted to the extent there is an active dispute over the meaning of contract terms." Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 921 (9th Cir. 2018). "Interpretation" means more than "reference to" or "application of." It is not enough that "resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute

2

. . . ." Id. at 921–22 (internal quotation marks omitted).  While there may be some reason to believe that the CBA will be relevant in some way to the case, Defendants have not persuaded the Court that interpretation – as defined in the LMRA preemption context – will be required.

The motion to remand is GRANTED.  The case is remanded to the Superior Court of California, County of Los Angeles.

      IT IS SO ORDERED.

Date: January 18, 2019

                                        Dale S. Fischer
                                        United States District Judge